UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ELLEN ANNETTE HICKS** | **CIVIL ACTION NO. 1:18-cv-1518** |
| **VERSUS** | **JUDGE DRELL** |
| **WAL-MART LOUISIANA, LLC** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, Wal-Mart Louisiana, LLC ("Walmart"), respectfully submits this Memorandum in Support of its Motion for Summary Judgment. As will be established herein, plaintiff will not be able to sustain the burden of proof required under the Louisiana Merchant Liability Statute, La. R.S. 9:2800.6, to show that the large canopy frame over which she allegedly tripped presented an unreasonable risk of harm. Moreover, the evidence shows that the canopy frame was an open and obvious condition. Therefore, summary judgment is appropriate, and plaintiff's lawsuit should be dismissed with prejudice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This claim arises out of a trip and fall that occurred on November 12, 2017, at the Wal-Mart Store located in Pineville, Louisiana. Plaintiff tripped over the base rail of a metal canopy frame in the outdoor automotive area of Walmart. The canopy frame is approximately ten feet tall, approximately twenty feet long, and has an opening under which cars drive and/or park. (Ex. 2, Affidavit of Michelle Alexander, at para. 9). The canopy frame has two base rails (the "Base Rails") that are between two and a half (2 ½) and three (3) inches in height. Id. Pictures of the canopy frame taken by Ms. Alexander are attached as Ex. 2(A) *in globo*, along with photos

provided by the plaintiff that are attached as Exs. 2(B) and 2(C).

On the date of the incident, plaintiff, Ellen Hicks, arrived at the Store during the middle of the day to have a new battery put in her vehicle. (Ex. 1, p. 16, lines 13-23). She parked her vehicle just outside one of the vehicle bays in the automotive area where a Walmart associate instructed her to park. (Ex. 1, p. 19, lines 3-8). She then got out of her car and entered the Store by walking behind her car and around the canopy frame. (Ex. 1, p. 21, lines 4-7). Plaintiff waited for approximately one hour for her car to be ready. (Ex. 1, p. 22, lines 3-6). When plaintiff exited the Store to return to her vehicle, she walked to her vehicle the same way she had when she went into the Store. (Ex. 1, p. 22, lines 14-18). Plaintiff then got into her vehicle and left the Store. (Ex. 1, p. 28, lines 11-14).

After plaintiff left the Store, she noticed that the cover was off the cigarette lighter in her vehicle and thought the actual lighter itself was missing so she returned to the Store. (Ex. 1, p. 28, lines 20-24). Upon her return to the Store, plaintiff parked in the same place in which she had previously parked, and got out of her car to go speak to the Walmart associate who had worked on her vehicle. (Ex. 1, p. 29, lines 10-18). This time, when plaintiff exited her vehicle, she walked around the front of her vehicle. (Ex. 1, p. 33, lines 17-19). The large metal canopy frame was to the right of plaintiff's vehicle (as it had been previously that day when she was at Walmart the first time). (Ex. 1, pp. 32-33 and Exhibit A attached to plaintiff's deposition). Plaintiff proceeded to cut through the metal canopy frame to speak with the Walmart Associate. (Ex. 1, p. 35, lines 18-24). As she was cutting through the metal canopy frame, she stubbed her toe on the Base Rail of the canopy and fell to the ground. (Ex. 1, p. 38, lines 17-25). Plaintiff testified that she did not see the Base Rail of the canopy frame before she fell and did not know why she did not see it. (Ex. 1, p. 53, lines 3-9). Attached hereto as Ex. 1(B) is a photograph upon which plaintiff marked with

a red "X" showing approximately where she tripped on the bottom rail.  (Ex. 1, pp. 47-50).

Plaintiff's accident was captured on Walmart surveillance cameras, as was the hour leading up to plaintiff's accident.[1]  Although plaintiff only recalled walking from her vehicle to the Store one time prior to her fall, the Store surveillance video shows that plaintiff walked from the Store to her vehicle on two additional occasions prior to her fall.[2]  At 1:14:32 P.M., plaintiff can be seen exiting the Store and walking around and behind the metal canopy frame to her car.  (Exhibit 3(A)).  At 1:16:10 P.M., plaintiff exits her vehicle, walks back behind the metal canopy frame adjacent to where her car is parked and re-enters the Store.  (Exhibit 3(A)).  Plaintiff leaves the Store again at approximately 1:21:22 P.M., re-traces her steps by walking behind the metal canopy frame, enters her vehicle and leaves the Store.  (Exhibit 3(A)).  Therefore, including the time that plaintiff testified she initially entered the Store, which is not shown on the surveillance video, plaintiff safely went around the metal canopy frame on <u>four</u> separate occasions prior to her fall.  (Ex. 3(A)).

## II.  LAW AND ARGUMENT

### A.  SUMMARY JUDGMENT STANDARD

As this Court is well aware, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).  Summary judgment must be entered in favor of the moving party "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. . . ." <u>Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citations omitted).

---

[1] The Store surveillance video, attached hereto as Ex. 3(A), is authenticated by Ms. Summer Crabb, Asset Protection Manager at the Walmart Store, whose Affidavit is attached as Ex. 3.

[2] Plaintiff testified in her deposition that she drove a Red Ford Fusion, which is depicted in the video.  (Ex. 1, p. 29, lines 3-4; p. 41, lines 20-25).

In deciding a motion for summary judgment, "the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, 477 U.S. 242, 249 (1986). An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3rd Cir. 2006) (citing Liberty Lobby, 477 U.S. at 248). "If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Liberty Lobby, 477 U.S. at 249-50 (citations omitted).

In opposing a motion for summary judgment, the non-movant must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). However, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L Ed.2d 265 (1986) (emphasis added).

## B. BURDEN SHIFTS TO PLAINTIFF UPON SHOWING OF AN ABSENCE OF PROOF

Where, as here, the burden of proof at trial is on the party opposing the motion, the party moving for summary judgment satisfies its burden on the motion by identifying the elements of the opposing party's claims for which there is an absence of proof. Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). The party opposing the motion may not rest on mere allegations or denials of pleadings but must set forth specific facts showing a genuine issue for trial. Anderson

4

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmovant must "identify specific evidence in the record, and articulate the 'precise manner' in which that evidence supported their claim." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994), cert. denied, 513 U.S. 871 (1994). The evidence must be admissible to avoid summary judgment. See Thomas v. Price, 975 F.2d 231, 235 (5th Cir. 1992).

Thus, to withstand a properly supported motion for summary judgment, the nonmoving party, who bears the burden of proof at trial, must come forward with evidence to support the essential elements of its claim. Celotex, 477 U.S. at 321-23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." Id. at 323.

C. **THE METAL CANOPY FRAME DID NOT POSE AN UNREASONABLE RISK OF HARM.**

1. **MERCHANT LIABILITY - LOUISIANA REVISED STATUTE 9:2800.6**

La. R.S. 9:2800.6 is the controlling statute for trip and fall cases at a merchant retail store, and other statutes do not apply to falls due to a condition in or on the merchant's premises. Caldwell v. Wal-Mart Stores Inc, No. CV 17-00904, 2018 WL 1386635, at *2 (W.D. La. Mar. 19, 2018). La. Rev. Stat. 9:2800.6 reads in its entirety as follows:

**La. R.S. 9:2800.6 Burden of proof in claims against merchants.**

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1)    The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2)    The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3)    The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C.    Definitions

(1)    "Constructive Notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2)    "Merchant" means one whose business is to sell goods, foods, wares, or merchandise as a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

2.    Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

Therefore, in a case such as this one, in addition to the other elements, the plaintiff must prove:

1.    The condition presented an unreasonable risk of harm and that risk was reasonably foreseeable;

2.    The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

3.    The merchant failed to exercise reasonable care.

Allen v Wal-Mart Stores, 37,352 (La. App. 2d Cir. 6/25/03), 850 So.2d 895, 897. "La. R.S. 9:2800.6(B) clearly and unambiguously requires the claimant to prove each of its three subsections with no shifting of the burden." White v. Wal-Mart Stores, Inc., 699 So.2d 1081, 1085 (La.,1997); Bertaut v. Corral Gulfsouth, Inc., 209 So. 3d 352, 356 (La. App. 5 Cir. 12/21/2016) ("The failure

6

to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to plaintiff's cause of action."). <u>Caldwell v. Wal-Mart Stores Inc.</u>, 2018 WL 1386635, at *2.

Plaintiff must establish not only the existence of a condition that presented an unreasonable risk of harm that caused her to trip, but also that Wal-Mart either created the condition, or had actual or constructive notice that it existed. Plaintiff cannot carry this burden.

## 2.   THERE IS NO EVIDENCE THAT THE METAL CANOPY FRAME PRESENTED AN UNREASONABLE RISK OF HARM

In order for a defect to present an "unreasonable risk of harm" to persons on the premises, it must be of such a nature as to constitute a "dangerous condition which would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances." <u>Lee v. Magnolia Garden Apartments</u>, 96-1328 (La. App. 1 Cir. 5/9/97), 694 So. 2d 1142, 1150, <u>writ denied,</u> 97-1544 (La. 9/26/97), 701 So. 2d 990.   Hence, not every minor imperfection or irregularity in a thing will result in liability.

In order to prove a condition presented an unreasonable risk of harm, Louisiana law requires the plaintiff to present "competent factual support" such as "expert testimony, records indicating a history of accidents resulting from the alleged defect, or reference to building codes or industry standards that the defect allegedly violates." <u>Clark v. Circle K Stores, Inc.</u>, 2014 WL 4129496, at *3, n. 3 (M.D. La. Aug. 14, 2014); <u>Shields v. Dolgencorp, LLC</u>, CV 16-1826, 2016 WL 6892889, at *3 (E.D. La. Nov. 23, 2016); <u>Labit v. Palms Casino & Truck Stop, Inc.</u>, 2011-1552 (La.App. 4 Cir. 5/9/12, 9), 91 So.3d 540, 546, <u>writ denied,</u> 2012-1310 (La. 9/28/12), 98 So.3d 843; and <u>Foster v. Pinnacle Entm't, Inc.</u>, 16-8 (La. App. 5 Cir. 4/27/16, 13), 193 So.3d 288, 296 (summary judgment granted in favor of defendant where the plaintiff failed to offer any expert evidence or other acceptable evidence). "Otherwise, the plaintiff rests merely on conclusory

allegations, which are insufficient to defeat summary judgment." <u>Watters v. Wal-Mart Louisiana, LLC</u>, No. CV 16-0577, 2018 WL 473323, at *3 (W.D. La. Jan. 18, 2018).

In <u>Doane v. Wal-Mart Disc. Stores, Inc.</u>, 96-2716 (La. App. 4 Cir. 6/25/97), 697 So. 2d 309, 311, <u>writ denied,</u> 97-1852 (La. 10/17/97), 701 So. 2d 1328, plaintiff tripped over a speed bump in the parking lot of Walmart.  Plaintiff offered no evidence or testimony, lay or expert, that the condition created an unreasonable risk of harm.  As stated by the court, "[a]ll plaintiff proved was that the speed bump was there and she tripped on it. . . ." <u>Doane v. Wal-Mart Disc. Stores, Inc.</u>, 96-2716 (La. App. 4 Cir. 6/25/97), 697 So. 2d 309, 311, <u>writ denied</u>, 97-1852 (La. 10/17/97), 701 So. 2d 1328.  The Court, therefore, found that plaintiff failed to prove her case.

In <u>Odom v. Siegel</u>, 48,757 (La. App. 2 Cir. 1/15/14), 130 So. 3d 1024, plaintiff tripped over a wheel stop in defendant's parking lot.  In affirming the granting of summary judgment by the trial court, the Louisiana Second Circuit explained:

> It is not the burden of the defendants in this case to establish that the placement of the wheel stop was safe; instead, ultimately it is Odom's burden to prove that the placement of the wheel stop poses an unreasonable risk of harm. As the adverse party to summary judgment, Odom is required to produce factual support establishing that she could satisfy her evidentiary burden of proof at trial. Thus, at the trial court it was incumbent upon Odom to introduce some competent factual support (expert testimony, for example) that the placement of the wheel stop was improper, dangerous, violated a building code or otherwise presented an unreasonable risk of harm. In the absence of such support, there is no genuine issue of material fact, making summary judgment appropriate.

<u>Odom v. Siegel</u>, 48,757 (La. App. 2 Cir. 1/15/14), 130 So. 3d 1024, 1028.

In <u>Martin v. Boyd Racing, L.L.C.</u>, 681 F. App'x 409, 410 (5th Cir. 2017), the U.S. Fifth Circuit Court of Appeal upheld the District Court's grant of summary judgment after finding plaintiff failed to designate specific facts showing a genuine issue of material fact as to whether algae on a curb was unreasonably dangerous.  The court noted that the algae in which plaintiff slipped was readily visible and plaintiff failed to provide any evidence to the contrary.

In the instant case, plaintiff bears the burden of proof at trial to show the metal canopy frame presented an unreasonable risk of harm. Thus, it is incumbent upon plaintiff to introduce some competent evidence that the metal frame presented an unreasonable risk of harm. To date, plaintiff has offered no expert testimony, industry standards, studies, or anything else to meet this burden of proof. Accordingly, the Court should grant this Motion for Summary Judgment.

### 3. THE METAL FRAME WAS OPEN AND OBVIOUS AND DID NOT CREATE AN UNREASONABLE RISK OF HARM.

It is well settled in Louisiana jurisprudence that an open and obvious condition, which should be easily observable to all, is not unreasonably dangerous. Bufkin v. Felipe's Louisiana, LLC, 2014-0288 (La. 10/15/14), 171 So. 3d 851, 856; Durmon v. Billings, 38,514 (La. App. 2 Cir. 5/12/04), 873 So. 2d 872, 877, writ denied, 2004-1805 (La. 10/29/04), 885 So. 2d 588. "When a defect is open and obvious . . . expert testimony is unnecessary, and common sense can, should and did prevail." McKnight v. McCastle, 2004-2437 (La. App. 1 Cir. 12/22/05), 928 So. 2d 45, 48, writ denied, 2006-0205 (La. 4/24/06), 926 So. 2d 548. Whether a condition is open and obvious can be decided pursuant to a motion for summary judgment. Rodriguez v. Dolgencorp, LLC, 2014-1725 (La. 11/14/14), 152 So.3d 871, 872; Bufkin v. Felipe's Louisiana, LLC, 2014-0288 (La. 10/15/14), 171 So. 3d 851.

"A pedestrian has a duty to observe his pathway and is held to have seen obstructions which would have been discovered by a reasonably prudent person exercising ordinary care in the circumstances." Trice v. Isaac, 99–839 (La.App. 5 Cir. 2/16/00); 759 So.2d 843, 847, writ denied, 2000–1113 (La.6/2/00); 763 So.2d 600. Accordingly, if the "risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable." Id. at 877." Standifer v. Circle K Stores, Inc., 2015 WL 2452428 *3 (W.D. La 5/21/15). See also Spencer v. Benny's Car Wash, LLC, 2011-1708 (La. App. 1 Cir. 5/4/12), 2012 WL 1580601 (unpublished opinion), where a customer

fell into an oil-change pit and in finding the oil-change pit should have been observable to anyone who was looking where they were going the court noted, "a pedestrian has a duty to see that which should be seen and is bound to observe whether the pathway is clear." Id., 2012 WL 1580601 at * 12.

In Keys v. Harrah's Casino, LLC New Orleans, 2019 WL 2162770 (E.D. La. 5/17/19), as plaintiff was walking toward the slot machines, she went by a line of metal barricades used for crowd control erected to block an area where work was taking place. Plaintiff tripped on the protruding leg of a barricade and fell. Id. at *1. Plaintiff testified she did not notice the barricades before her accident, but that she saw them immediately afterward. Id. She further testified that the room was adequately lit, and nothing blocked her view of the barricade on which she tripped. Id. The Court noted, "Louisiana courts have not hesitated to grant summary judgment in favor of defendants in cases in which the nature of the condition is undisputed and plaintiff has provided no evidence of any unusual feature of the condition suggesting that it is unreasonably dangerous." Id. (citing Dowdy v. City of Monroe, 78 So. 3d 791, 798-799 (La. App. 2 Cir. 2011).

In evaluating whether the protruding leg of the barrier presented an unreasonable risk of harm the court explained:

> Plaintiff has the burden of showing that the presence or location of the barrier presented an unreasonable risk of harm. Labit v. Palms Casino & Truck Stop, Inc., 91 So. 3d 540, 546 (La. App. 4 Cir. 2012) ("[I]t is not the burden of the [defendant] to establish that the [condition] was safe; instead, it is the burden of the plaintiffs to show that the [condition] posed an unreasonable risk of harm."). Plaintiff has failed to meet this burden because she did not give any reason for her inability to see the barricade or to step around it.
>
> Objects that are large enough to see easily and are out in the open do not create an unreasonable risk of harm. See Bufkin v. Felipe's La., LLC, 171 So. 3d 851, 858 (La. 2014) (holding that an owner has no duty to warn others of "a large inanimate object visible to all"); Depp v. La. Power & Light Co., 645 So. 2d 740, 743 (La. App. 5 Cir. 1994) (holding that there was no unreasonable risk of harm when the object on which the plaintiff tripped was "clearly visible to all").

> Because the barricades were clearly visible, defendant had no duty to mark the barricade or to keep plaintiff away from it. There would be no way for a reasonable person to not see the line of barricades when walking toward it. It was therefore an obvious and apparent condition that was safe for defendant's patrons.

Id. at *2-*3.

Courts routinely grant summary judgment when the condition that caused the accident is open and obvious. See Martin v. Body Racing, L.L.C.,681 F. App'x 409, 410 (5th Cir. 2017) (algae in parking lot); Allen v. Lockwood, 2014-1724 (La. 2/13/15), 156 So.3d 650 (unpaved grassy parking area); Bufkin v. Felipe's Louisiana, LLC, 2014-0288 (La. 10/15/14), 171 So. 3d 851 (dumpster blocking sidewalk); Lee v. Popeye's La. Kitchen, Inc., 2019 WL 656164 (E.D. La. 1/10/2019)(wet floor signs); Glenn v. Family Dollar Stores of La., Inc., 2018 WL 5260044 (W.D. La. 10/22/2018) (red sales rack); Butler v. Georgia Pacific LLC, 2015 WL 4112533 (W.D. La. 7/2/2015)(wood chips on stairs); James v. Hilton New Orleans Corporation, 2015 WL 4606060 (E.D. La. 7/30/2015)(metal piping in parking lot); Standifer v. Circle K Stores, Inc., supra (wheel stop in parking lot).

In the instant case, there is no genuine issue of material fact that the large metal canopy frame that allegedly caused plaintiff's fall was open and obvious. The canopy frame is approximately ten feet tall, approximately twenty feet in length, and has a large aluminum canopy covering the top of the frame. (Ex. 2). The two Base Rails (which each have five vertical rails attached to them) are two and a half (2 1/2) to three (3) inches tall (Ex. 2), and the silver Base Rail upon which plaintiff tripped was located on contrasting yellow striped concrete. It is clear that this "large inanimate object" should have been clearly visible to all.

Furthermore, plaintiff had been going to this particular Walmart for approximately twenty years and has always had her oil changed there. (Ex. 1, p. 15, lines 16-20). Plaintiff admitted that

she noticed the metal canopy frame on prior occasions to the automotive department.  (Ex. 1, p. 26, lines 3-11).  Plaintiff admitted that she safely walked behind the metal canopy frame at least two times prior to her accident.  (Ex. 1, pgs. 21-22).  The Walmart Store surveillance video shows that plaintiff went safely around the large metal canopy frame on four separate occasions prior to her fall.  (Ex. 3(A)).  Plaintiff could not provide a reason why she did not see the bottom rail of the canopy prior to her fall.  (Ex. 1. P. 53, lines 3-9).

The metal canopy frame was clearly visible, and there would be no way for a reasonable person to not see the large metal canopy frame when walking toward it.  It was, therefore, an open and obvious condition that was safe for defendant's patrons.  Furthermore, since the condition was open and obvious, no duty was owed by Walmart to plaintiff.  Accordingly, plaintiff has failed to show an essential element of her claim and Walmart is entitled to summary judgment as a matter of law.

## III.   CONCLUSION

The mere fact that plaintiff tripped and fell does not give rise to liability under Louisiana law.  In order to prevail on her claim, plaintiff must satisfy each element of La. R.S. 9:2800.6. In particular, plaintiff must establish that the condition presented an unreasonable risk of harm and that risk was reasonably foreseeable.  Plaintiff cannot satisfy this burden of proof.  Plaintiff has failed to produce any evidence that the alleged defect presented an unreasonable risk of harm, and her failure to do so is fatal.  Furthermore, this large canopy frame was clearly an open and obvious condition.  Accordingly, defendant's motion for summary judgment must be granted and plaintiff's claims should be dismissed, with prejudice, at plaintiff's cost.

Respectfully submitted,

**CHADWICK & ODOM, LLC**

R. O'Neal Chadwick, Jr. (#19517)
nchadwick@chadwicklawpartners.com
Gregory B. Odom, II (#33470)
godom@chadwicklawpartners.com
Sara B. Dantzler (#29821)
sdantzler@chadwicklawpartners.com
P.O. Box 12114
Alexandria, LA 71315
Telephone: (318) 445-9899
Facsimile: (318) 445-9470
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing was filed with the United States District Court for the Western District of Louisiana by electronic case filing/case management and that a copy of the same was served on all counsel of record by electronic notification.

Alexandria, Louisiana this 27 day of January, 2020.

CHADWICK & ODOM, LLC

Gregory B. Odom, II (#33470)

13